IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MATT W. BRANTLEY, by and through his Mother and Next Friend, Shirley Brantley,**<br><br>          **Plaintiff,**<br><br>          v.<br><br>**BRICE DICKENS and THE CITY OF PARSONS, KANSAS,**<br><br>          **Defendants.** | Case No. 16-CV-02124-JAR-KGS |

## MEMORANDUM AND ORDER

Plaintiff Matt Brantley filed this action under 42 U.S.C. § 1983 against Defendants Brice Dickens and the City of Parsons, Kansas. Defendant Brice Dickens is a police officer employed by the City of Parsons "the City". Plaintiff claims Defendants violated his statutory rights by using excessive force in his arrest.  Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 14).  The motion is fully briefed and the Court is prepared to rule. For the reasons stated below, Defendants' Motion to Dismiss is granted in part and denied in part.

**I.      Standard**

To survive a motion to dismiss for failure to state a claim, a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level," and must contain "enough facts to state a claim to relief that is plausible on its face."[1] To state a claim for relief under Rule 12(b)(6), "the complaint must give the court reason to believe that

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007).

*this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[2] The plausibility standard does not require a showing of probability that a defendant has acted unlawfully, but requires more than "a sheer possibility."[3] "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim."[4] Finally, the Court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[5]

The Supreme Court has explained the analysis as a two-step process. For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but] we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'"[6] Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[7] Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[8] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[9]

## II.     Background

---

[2] *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[4] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[5] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *Id.*

[7] *Id.* at 679

[8] *Id.*

[9] *Id.* at 678.

2

The following facts are construed in the light most favorable to Plaintiff. On March 8, 2015, Plaintiff and his neighbor argued. The neighbor called the police and reported this argument. Officer Dickens came to the house, discussed the situation and left. The neighbor called the police a second time alleging that Plaintiff confronted the neighbor's guest. Officer Dickens came to the house again and arrested Plaintiff for obstruction and pedestrian under the influence. Plaintiff stiffened and tightened his arms while being placed in handcuffs. Because Plaintiff stiffened his arms, Officer Dickens forced Plaintiff onto the ground. As a result, Plaintiff's head was injured. Plaintiff underwent an emergency craniotomy, was hospitalized at The University of Kansas Medical Center, and is still suffering from brain injuries.

Plaintiff brings two claims against Defendants. In Count I, Plaintiff alleges an individual and official capacity claim against Officer Dickens for using excessive force under the Fourth Amendment, and for violating his right to due process under the Fifth and Fourteenth Amendments, when he arrested Plaintiff. In Count II, Plaintiff claims that the City is liable for Officer Dickens' actions. Plaintiff claims the City is liable for Officer Dicken's actions because the City trained Officer Dickens to use unreasonable and unnecessary force. In the alternative, Plaintiff claims the City never trained Officer Dickens to refrain from using unreasonable and unnecessary force when performing a "take down."

## III.   Discussion

To bring a successful claim under 42 U.S.C. § 1983, Plaintiff must show there has been a "deprivation of a civil right by a 'person' acting under color of state law."[10] Cities are considered "persons" under 42 U.S.C. § 1983.[11] However, a city may not be held liable under a

---

[10] *McLaughlin v. Bd. of Trustees of State Coll. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

[11] *Lankford v. City of Hobart*, 73 F.3d 283, 286 (10th Cir. 1996) (citing *Monell v. N.Y. City Dep't of Soc. Serv.*, 436 U.S. 658, 690 (1978)).

3

theory of *respondeat superior*.[12]  This means that a "local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents."[13]  Instead, Plaintiff must show the unconstitutional act resulted from a government policy or custom and a causal link between the government's policy or custom and the violation.[14]  This can include a constitutional violation as a result of inadequate training.[15]  Defendants argue in their motion to dismiss that (1) Count II fails to state a claim of municipal liability against the City; and (2) the official capacity claim alleged in Count I against Officer Dickens is duplicative of the municipal liability claim alleged in Count II.

### A.   Failure to State a Claim

In *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, the Supreme Court rejected a heightened pleading standard for municipal liability claims under § 1983, and held that a short plain statement of a claim is sufficient to give notice for section 1983 claims against municipalities.[16]  However, *Leatherman* was decided before the *Twombly* and *Iqbal* decisions that sharpened the standards that apply on a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  To reconcile *Leatherman* with *Twombly* and *Iqbal*, the Court follows the framework adopted by Judge Lungstrum in *Taylor v. RED Development, LLC*.[17]  This framework requires plaintiffs alleging municipal liability to offer minimal factual allegations when plaintiff would not normally have access to internal policies or training

---

[12]*Monell v. N.Y. City Dep't of Soc. Serv.*, 436 U.S. 658, 691 (1978).

[13]*Id.* at 694.

[14]*Jenkins v. Wood*, 81 F.3d 988, 993 (10th Cir. 1996).

[15]*City of Canton, Ohio v. Harris*, 489 U.S. 378, 392 (1989).

[16]507 U.S. 163, 168 (1993).

[17]No. 11-2178-JWL, 2011 WL 3880881 (D. Kan. Aug. 31, 2011).

procedures prior to discovery.[18]  However, a plaintiff's minimal factual allegations must at least provide fair notice to the defendant and go beyond merely restating the elements of municipal liability:

> Allegations that provide such notice could include, but are not limited to, past incidents of misconduct to others, multiple harms that occurred to the plaintiff himself, misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy.  Those types of details, or any other minimal elaboration a plaintiff can provide, help to 'satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests,' *Twombly,* 550 U.S. at 555 n.3, and also to "permit the court to infer more than the mere possibility of misconduct." *Iqbal,* 129 S. Ct. at 1950.[19]

Here, Defendant alleges that Plaintiff "fails to identify any policy pertaining to use of force, any training regimen or other instruction."[20]  However, Plaintiff does not allege general deficiencies in the City's training of its police officers.  Plaintiff specifically points to the training, or lack thereof, related to "take downs."[21]  Further, Plaintiff claims that use of excessive force occurred in the open at Plaintiff's house, suggesting that Officer Dickens acted pursuant to a City policy.  Together, these factual allegations are sufficient to give Defendants notice that the City's training on take downs will be at issue.  Therefore, Plaintiff sufficiently states an inadequate training claim against the City under § 1983.

### B.      Official Capacity Claim Against Officer Brice

District courts have discretion to dismiss duplicative claims unless the claims address two separate wrongs.[22]  When a plaintiff sues a government employee in his or her official capacity,

---

[18]*Id.* at *3 (citing *Taylor v. City of Galveston*, 800 F. Supp. 2d 826, 842–43 (S.D. Tex. 2011)).

[19]*Id.*

[20]Doc. 15 at 6.

[21]Doc. 1 ¶ 31.

[22]*See Hardeman v. City of Albuquerque*, 377 F.3d 1106, 1117–18 (10th Cir. 2004).

plaintiff pleads an action against the government employer.[23]  Here, Plaintiff asserts two kinds of § 1983 claim.  In Count I, Plaintiff seeks to hold the officer responsible in both his personal and official capacity for excessive force and due process violations.  In Count II, Plaintiff seeks to hold the City responsible for inadequate training regarding take downs.  Plaintiff cannot hold the City liable for the officer's conduct because the City cannot be liable for the officer's actions under a *respondeat superior* theory.[24]  Plaintiff's direct suit against the City in Count II already speaks to the City's alleged inadequate training.[25]  Therefore, Plaintiff's direct claim against the City and claim against Officer Dickens in his official capacity is duplicative.  Plaintiff's claim alleged in Count I against Officer Dickens in his official capacity therefore must be dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss (Doc. 14) is **granted in part and denied in part**.  Defendant's Motion to Dismiss Count II is **denied,** and Defendant's motion to dismiss Count I against Officer Dickens in his official capacity is **granted**.

**IT IS SO ORDERED.**

Dated: October 21, 2016

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[23] *Monell v. N.Y. City Dep't of Soc. Serv.* 436 U.S. 658, 690 (1978).

[24] *Id.* at 691.

[25] *Id.* ¶¶ 30–36.